UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                   Case No. 13-cr-20790
                                                                                  District Judge Paul D. Borman

JOSEPH L. CARTER,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S REQUEST/MOTION FOR COMPASSIONATE RELEASE/REDUCTION OF SENTENCE (ECF NO. 21, ECF NO. 26)**

Defendant Joseph Carter wrote a letter to the Court requesting compassionate release. (ECF No. 21.) The Court appointed counsel to assist with his letter request, that resulted in a formal Motion on October 2, 2020. (ECF No. 26.)

The Government filed an initial Response to the letter (ECF No. 23), and then a formal Response to the formal Motion on October 16, 2020. (ECF No. 29.)

Defendant's letter request, as noted in the Government initial Response, did not establish that, prior to approaching the Court, he had requested the warden at FCI-Berlin, New Hampshire to reduce his term of imprisonment as required under 18 U.S.C. § 3582(c)(1)(A). Counsel for Defendant addressed that issue satisfactorily, and advanced other grounds/requests in his Motion. Thus, Defendant

1

has complied with the 30-day notice requirement/rejection required under § 3582(c)(1)(A).

    Defendant's Motion has advanced the following grounds for release:

    (1)    The BOP's health crisis at prisons as a result of the COVID-19 pandemic.

    (2)    Defendant's current health condition substantially diminishes his ability to provide self-care in a prison environment.

    Defendant contends that the following health conditions place him at risk (ECF No. 26, PageID 102):

    (1)    His obesity--BMI above 30: (5' 8" tall, 237 lbs. = BMI 36). (*Id*.)

    (2)    His race: he is a black male--"CDC data shows that the death toll for people of color under age 65 is twice that of white people under age 65 in the same geographic area." (*Id*. at PageID 104.)

    (3)    A combination of conditions (1) and (2), listed above. (*Id*. at PageID 105.)

    Defendant presents a release plan to return to Detroit to live with his sister, who has no criminal history and is currently employed as a factory worker.

    Defendant cites to his rehabilitation while in prison; he has taken a piano class as well as a personal development class (Seven Habits on the Inside). (*Id*. at PageID 110.) He has completed his GED. (ECF No. 26-4, PageID 123.)

    Defendant asserts he has only received one ticket while incarcerated--for alcohol--in 2014, shortly after he began his sentence. (*Id*.) The Court's examination of Defendant's Exhibit H (ECF No. 26-5), indicates that BOP records establish that

on February 16, 2020, he illegally possessed heroin at FCI-Berlin. (ECF No. 26-5, PageID 125.)

Finally, Defendant asserts that he has served more than half of his cumulative sentence--83 months-- almost seven years, which, under the 18 U.S.C. § 3553(a) factors, he contends satisfies the seriousness of the offense category, and the deterrent to others considering similar offense category, in § 3553(a)(2)(B).

The Government Response in Opposition discusses the bases for Defendant's current imprisonment: two separate, serious Federal cases:

(a)   Bank robbery, 13-cr-20790.

(b)   Hobbs Act robbery and brandishing a firearm during and in relation to a crime of violence (§ 924(c), Case No. 14-20005).

(ECF No. 29, PageID 129.) Carter pled guilty simultaneously to both charges and was sentenced "to 57 months in prison for the bank robbery, and to 84 months consecutive for the 924(c) charge. (R. 20: Judgment in Case No. 13-20790, 80; R. 11: Judgment in Case No. 14-20005, 45)."  (ECF No. 29 at PageID 129.)

As to Defendant's criminal history, the Government further notes:

> Mr. Carter was 26 years old when he committed the crimes…he is now 33 years old. He started committing crimes when he was just 15 years old.

(*Id*. at PageID 129.)

The Government discussion of the instant offenses elaborated:

> The crimes in this case were violent and dangerous. (PSR ¶¶ 10-15.) In both instances, Carter assaulted his victims with a handgun. In the first case he pointed his weapon at a bank teller while robbing her. In the second case, Carter not only pointed a weapon at a store clerk, but he beat him over the head with the gun after the clerk heard Carter pull the trigger. Later, Carter laughed and smiled as he recounted how he beat the clerk over the head. (*Id.*)

(*Id*. at PageID 130.)

The Government Response further noted that the instant crimes were not aberrant behavior:

> Carter's actions were nothing new…
>
> Indeed, the facts surrounding each of Carter's prior adult convictions were just as disturbing as the facts of this case. *See,* PSR ¶ 38, PSR ¶ 39.

The Government further notes that Carter began serving his current sentence July 23, 2014 (receiving credit for pretrial time-served). (ECF No. 29, PageID 131.)

With regard to Defendant's claim regarding "extraordinary and compelling reasons," under Guideline § 1B1.13(1)(A), the Government notes that those reasons can only be considered after the Court considers the factors set forth in 18 U.S.C. § 3553(a). The Government further asserts that even if the "extraordinary and compelling reasons" were to be considered, there is no evidence that he is presently suffering from a serious medical condition (obesity) that substantially

4

diminishes his ability to provide self-care and from which he is not expected to recover. (Guideline 1B1.13 app. n.1(A)(ii)(I).)

The Government further contends, that from its point of view, application of the 18 U.S.C. § 3553(a) factors "do not support release because Carter needs to be appropriately punished and deterred, and the public needs to be protected from Carter's unending propensity for engaging in violent and dangerous criminal activity." (*Id*. at PageID 132.)

With regard to Defendant's allegations that the BOP has not taken significant steps to protect all inmates, including Carter, from COVID-19, the Government notes that the United States Court of Appeals for the Sixth Circuit concluded in *Wilson v. Williams*, 961 F.3d 829, 833-34 (6th Cir. 2020), that the BOP has implemented an increasingly strict protocol to minimize the virus's spread in its facilities, and further that as of October 13, 2020, the BOP has determined that release to home confinement is appropriate for 7,780 inmates who pose the least danger to public safety. (*Id*. at PageID 133.)

The Government notes that "Carter began serving his prison sentence on July 23, 2014 (receiving credit for pretrial detention), and is currently incarcerated at FCI-Berlin, a facility that has experienced, as of October 14, 2020, just five cases since the beginning of the pandemic (four current). He is 33 years old and his projected release date is January 11, 2024." (*Id*. at PageID 134-135.)

## DISCUSSION

The Court finds that Defendant Joseph Carter has complied with the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A).

The Court finds that Defendant has not established "extraordinary and compelling reasons" for compassionate release. His sole medical condition issue is obesity--a BMI of 36 based on 5' 8" height and 237 pounds. This does not, by itself, establish a basis for reduction in term of imprisonment release under Sentencing Guideline § 1B1.13 for multiple reasons:

(1) He is not suffering from a serious medical condition that substantially diminishes his ability to provide self-care within a prison, and this is not a condition from which he is not expected to recover, cmt. app. n.1(A)(ii).

(2) That Guideline requires, prior to consideration of medical conditions,

    (a) That the Court consider the factors set forth in § 3553(a).

    (b) That the Court determines that Defendant is not a danger to the safety of the community, as provided in 18 U.S.C. § 3142(g).

The Court finds that Defendant Carter fails to satisfy both prerequisites. His conduct in the instant case and his criminal history establish that he is and has been a violent criminal, § 3553(a)(1); that there is a need for him to continue serving this sentence to promote respect for the law and to provide just punishment for his offenses (§ 3553(a)(2)), to afford adequate deterrence to criminal conduct by him, and others that would seek to emulate him (§ 3553(a)(2)(A), (B), and (C)), and to

protect the public from further serious crimes by Defendant Carter. The Court also notes that Defendant's criminality has continued this year in prison when, in February, he admitted possession of heroin. (ECF No. 26-5, Exhibit 4, PageID 125.)

Finally, the Court concludes, under 18 U.S.C. § 3142(g), that there is no condition or combination of conditions that would protect the public from further serious criminality by Defendant Carter.

## CONCLUSION

For the reasons discussed above, the Court DENIES Defendant's Motion for compassionate release.

SO ORDERED.

DATED:  November 9, 2020          s/Paul D. Borman
                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE